Gregory P. Gillis, #011214
Andrea H. Landeen, #024705
**NUSSBAUM & GILLIS, P.C.**
14500 N. Northsight Blvd, Suite 116
Scottsdale, Arizona 85260
Telephone: (480) 609-0011
Facsimile: (480) 609-0016
ggillis@nussbaumgillis.com
alandeen@nussbaumgillis.com

*Attorneys for Goldman Walker, LLC*

# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GOLDMAN WALKER, LLC, an Arizona limited liability company, d/b/a GOLDMAN WALKER & DIMARCO, <br><br> Plaintiff, <br><br> v. <br><br> PRECISION AIR DRILLING SERVICES, INC., a Colorado corporation, <br><br> Defendant. | Case No: <br><br> **COMPLAINT** <br><br> (Breach of Contract; Unjust Enrichment) |

Plaintiff, Goldman Walker, LLC, an Arizona limited liability company d/b/a Goldman Walker & DiMarco ("Goldman Walker"), for its Complaint against Defendant, Precision Air Drilling Services, Inc., a Colorado corporation ("Precision"), states and alleges as follows:

**PARTIES AND JURISDICTION**

1.  Goldman Walker is an Arizona limited liability company duly authorized and licensed to conduct business in the State of Arizona and conducting business in Arizona as Goldman Walker & DiMarco.

2.  Goldman Walker is and was at all times material herein, duly licensed to conduct business in Arizona as a collection company by the Arizona Department of Financial Institutions.

15033-1/GPG/ahl/732954

3. Defendant Precision is a Colorado corporation which caused events to occur in the State of Arizona out of which Goldman Walker's claim arises.

4. The Court has jurisdiction over this matter and the parties pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff Goldman Walker and Defendant Precision, and the amount in controversy exceeds $75,000.00

5. Venue in this cause is proper in this Court pursuant to 28 U.S.C. § 1391, because this suit relates to contracts entered into and/or conduct, acts and/or omissions which occurred in the District of Arizona.

## COUNT ONE

### (Breach of Contract)

6. Goldman Walker incorporates by reference the allegations set forth above as if fully set forth herein

7. On or about November 5, 2007, Precision retained Goldman Walker to initiate collection actions against Sun River Energy, Inc. ("Sun River") for the recovery of the $529,040.41 of past due accounts owed Precision by Sun River (the "Sun River Account").

8. Pursuant to the terms of the retention, Goldman Walker was entitled to a collection fee of fifteen percent (15%) of all amounts collected from whatever source by Goldman Walker relating to the Sun River Account. A copy of the letter and retention confirmation (collectively the "Contract") confirming Goldman Walker's receipt of the Sun River Account from Precision and the contingency fee amount is attached hereto as Exhibit A and incorporated herein by reference.

9. Pursuant to the parties' Contract, on September 25, 2008, Goldman Walker collected amounts on the Sun River Account by causing Sun River to issue 100,000 shares of its stock to Precision, which were valued at $2.50 per share at the time the shares became unrestricted and were to be sold by Precision for a total of $250,000.00. A copy

NUSSBAUM & GILLIS, P.C.
ATTORNEYS AT LAW
14500 N. NORTHSIGHT BLVD, SUITE 116
SCOTTSDALE, ARIZONA 85260
(480) 609-0011

1  of the Stock Certificate evidencing the issuance of the 100,000 shares is attached hereto as
2  Exhibit B and incorporated herein by reference.

3    10. Further pursuant to the parties' Contract, on November 30, 2009, Goldman
4  Walker collected additional amounts on the Sun River Account by causing Sun River to
5  issue an additional 241,249 shares of stock in Sun River to Precision, which were valued
6  at $1.70 per share at that time, for a total of $410,123.30. A copy of the Stock Certificate
7  evidencing the issuance of 241,249 shares is attached hereto as Exhibit C and incorporated
8  herein by reference.

9    11. Pursuant to the parties' Contract, Goldman Walker collected amounts and
10 caused to be issued to Precision 341,249 shares of Sun River stock valued at a total sum of
11 $660,123.30 ($250,000 + $410,123.30), for which there is a 15% collection fee due
12 Goldman Walker from Sun River in the amount of $99,018.50. A copy of the
13 corresponding invoice is attached hereto as Exhibit D and incorporated herein by
14 reference.

15   12. After applying all payments, credits and offsets, there is a balance due
16 Goldman Walker from Precision for 15% of the amounts collected on the Sun River
17 Account in the amount of $99,018.50 from February 2, 2010, until paid.

18   13. Demand has been made upon Precision for payment of the amounts due,
19 however, despite demand, Precision has failed and refused to pay all or any portion of the
20 amounts due Goldman Walker.

21   14. Pursuant to A.R.S. § 44-1201, Goldman Walker is entitled to interest on all
22 sums due it at the rate of 10% per annum from February 2, 2010, until paid.

23   15. Pursuant to A.R.S. § 12-341.01, Goldman Walker is entitled to an award of
24 its attorneys' fees. If this matter proceeds as default, Goldman Walker alleges that a
25 reasonable amount of its attorneys' fees is $10,000.00.

26   16. All conditions precedent and required to be performed by Goldman Walker
27 have been performed or have occurred.

28

15033-1/GPG/ahl/732954

**NUSSBAUM & GILLIS, P.C.**
ATTORNEYS AT LAW
14500 N. NORTHSIGHT BLVD, SUITE 116
SCOTTSDALE, ARIZONA 85260
(480) 609-0011

WHEREFORE, Plaintiff, Goldman Walker, LLC, an Arizona limited liability company d/b/a Goldman Walker & DiMarco, prays for judgment against Defendant, Precision Air Drilling Services, Inc., a Colorado corporation, as follows:

A. For the principal sum of $99,018.50;

B. For interest on the principal sum at the rate of 10% per annum from February 2, 2010, until paid;

C. For Plaintiff's reasonable attorneys' fees incurred, or, if this matter proceeds by default, then in the amount of $10,000.00;

D. For Plaintiff's costs incurred herein; and

E. For such other and further relief as the Court deems just and proper.

## COUNT TWO
### (Unjust Enrichment)

17. Goldman Walker incorporates by reference the allegations set forth above as if fully set forth herein.

18. At the specific request and authorization of Precision, Goldman Walker provided collection services to Precision relating to the Sun River Account.

19. Precision has benefited and been enriched by the amounts collected by Goldman Walker in the amount of $660,123.30 for which Goldman Walker has not received compensation.

20. By benefiting from Goldman Walker's collection services, but not paying for it, Precision has been unjustly enriched at the expense of Goldman Walker.

21. Goldman Walker is entitled to the fair and reasonable value of its collection services in an amount not less than 15% of the benefit conferred upon Precision which is $99,018.50 ($660,123.30 x 15%).

22. Demand has been made upon Precision for payment of the sums due Goldman Walker, but despite demand, Precision has failed and refused to pay.

23. Pursuant to A.R.S. § 44-1201, Goldman Walker is entitled to interest at the rate of 10% per annum on all sums due it from Precision for the amounts collected on the

4

15033-1/GPG/ahl/732954

Case 2:10-cv-00410-GMS   Document 1   Filed 02/24/10   Page 5 of 5

Sun River Account from February 2, 2010, until paid.

24. Pursuant to A.R.S. §12-341.01, this matter arises out of a contract and the prevailing party may be entitled to an award of its reasonable attorneys' fees incurred. If this matter proceeds to a default Goldman Walker alleges a reasonable sum as and for its attorneys' fees is the sum of $10,000.00.

WHEREFORE, Plaintiff, Goldman Walker, LLC, an Arizona limited liability company d/b/a Goldman Walker & DiMarco, prays for judgment against Defendant, Precision Air Drilling Services, Inc., a Colorado corporation, as follows:

A. For the principal sum of $99,018.50;

B. For interest on the principal sum at the rate of 10% per annum from February 2, 2010, until paid;

C. For Goldman Walker's reasonable attorneys' fees incurred, or, if this matter proceeds by default, then in the amount of $10,000.00;

D. For Goldman Walker's costs incurred herein; and

E. For such other and further relief as the Court deems just and proper

DATED this  24th  day of February, 2010.

**NUSSBAUM & GILLIS, P.C.**

/s/ Gregory P. Gillis
Gregory P. Gillis
Andrea H. Landeen
*Attorneys for Goldman Walker, LLC*

**NUSSBAUM & GILLIS, P.C.**
ATTORNEYS AT LAW
14500 N. NORTHSIGHT BLVD, SUITE 116
SCOTTSDALE, ARIZONA 85260
(480) 609-0011

5

15033-1/GPG/ahl/732954